Stewart C. Fitts (5635)
HUTCHISON & STEFFEN, PLLC
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
T:  702-385-2500
F:  702-385-2086
sfitts@hutchlegal.com

Cortland Putbrese (Va. Bar. No. 46419)
(*pro hac vice* forthcoming)
Michael A. Shafer (Va. Bar. No. 94984)
(*pro hac vice* forthcoming)
DUNLAP BENNETT & LUDWIG LAW FIRM
9011 Arboretum Parkway, Suite 390
Richmond, VA 23236
T:  (804) 977-2688
F:  (804) 977-2680
cputbrese@dbllawyers.com
mshafer@dbllawyers.com

*Attorneys for Plaintiff*
*ZURU Edge Limited*

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

| | |
|---|---|
| ZURU EDGE LIMITED | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| HEBEI XIAOXIXI FOOD SCIENCE AND TECHNOLOGY CO., LTD. | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff ZURU Edge, Ltd. ("ZURU") complains of Hebei Food Science and Technology Co., Ltd. ("Defendant") as follows:

### NATURE OF THE CASE

ZURU (through its affiliates in the ZURU Group companies) is an award-winning seller of many popular products across the globe. In or about late 2024, ZURU released its latest viral hit: the Gumi Yum Surprise product ("Gumi Yum") to customers across the globe. Gumi Yum is plastic egg wrapped in edible gummy strips with a toy inside.

In May 2026, Defendant traveled from China to Las Vegas, set up a booth just steps away from Plaintiff's display at the Snacks and Sweets Expo, and began promoting a product copied

from Plaintiff's famous design. ZURU therefore brings suit under the patent and trademark laws of the United States to abate Defendant's infringement.

## JURISDICTION AND VENUE

1.     Jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a) because this is an action for infringement of ZURU's patent and trademark rights.

2.     Defendant is subject to personal jurisdiction in Nevada and in this judicial district and division because it has transacted business here by advertising and displaying confection coated container products that violate ZURU's intellectual property rights. Defendant reached out to do business with Nevada residents by introducing and promoting the infringing product at a trade show in Las Vegas, Nevada.

3.     Venue is proper under the general federal venue statute, 28 U.S.C. § 1391(d), and under the specific venue provision relating to patent-infringement cases, 28 U.S.C. § 1400(b) based on Defendant's acts of infringement within this District.

## PARTIES

4.     ZURU is a Hong Kong based limited company with its principal place of business at Flat 1201-04, 06-07, 12th Floor Energy Plaza, 92 Granville Road, Tsim Sha Tsui, Kowloon, Hong Kong. Within the ZURU Group, ZURU usually is the entity designated to own registered intellectual property, and is therefore the proper ZURU plaintiff in this matter.

5.     Upon information and belief, Defendant is a Chinese limited company with headquarters at Yangjiazhi Village, Nanying Town, Gaocheng District, Shijiazhuang City, Heibei Province, China.

6.     Defendant has previously and is presently making, using, selling, offering for sale, and/or importing into the United States a confection coated container that infringes ZURU's intellectual property, named by Defendant the Funny Gummy ("Infringing Product"). Defendant has infringed ZURU's patents either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. §§ 271 and 289.

///

///

2

7. Defendant participates in an online storefront at https://xiaoxixifood.m.en.alibaba.com/?spm=a2700.details.0.0.78963b45xp5uEa&wx_navbar_transparent=true&wx_screen_direc=portrait&productId=1601708334574&from=detail_company_card with a link to the infringing gummy candy toy egg and an option to purchase bulk orders of the infringing candy and ship it to the United States.

## PATENTS-IN-SUIT

8. To protect its valuable investment in its innovative Gumi Yum product, ZURU applied for and received U.S. patent registrations for both the designs and inventions embodied in the Gumi Yum product.

9. On November 12, 2024, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent D1,050,667 ("'D'667" Patent"), entitled Confectionery. True and correct copies of the D'667 Patent and the relevant assignment to ZURU Edge Limited are attached here as **Exhibit A**.

10. On January 2, 2024, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent D1,009,402 ("'D'402" Patent"), entitled Confectionery-Coated Container. True and correct copies of the D'402 Patent and the relevant assignment to ZURU Edge Limited are attached here as **Exhibit B**.

11. On June 24, 2025, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 12,336,548 B2 ("'548 Patent"), entitled Gummy Confectionery-Coated Non-Edible Container. A true and correct copy of the D'548 Patent is attached here as **Exhibit C**.

12. The D'667 Patent, the D'402 Patent, and the '548 Patent are collectively referred to herein as the "Patents-in-Suit."

## ZURU'S TRADE DRESS

13. ZURU, through its use in United States Commerce, owns distinctive, aesthetic, non-functional trade dress in its Gumi Yum product. ZURU has used and highlighted this trade dress consistently through its marketing, including on its social media accounts located on the Internet[1]

---

[1] *E.g.,* at https://www.instagram.com/gumiyumsurprise/?hl=en, https://www.youtube.com/@gumiyumsurprise/videos, https://www.tiktok.com/@gumiyumsurprise, https://www.facebook.com/p/Gumi-Yum-100072371062750/

14.    The trade dress of the Gumi Yum Product is recognizable by (among other things):

    a.    An egg-like non-edible container housing a toy;

    b.    Wherein multi-colored gummy confectionery strips are adhered to the outside of the container;

    c.    While the multi-colored gummy strips are separated by gaps that show the non-edible container underneath.

15.    As packaging for the toy inside the Gumi Yum, the Gumi Yum Trade Dress is inherently distinctive.

16.    To the extent the Gumi Yum trade dress is not inherently distinctive, it has acquired distinctiveness and secondary meaning through ZURU's extensive marketing and significant sales of the Gumi Yum product as well as significant consumer recognition.

17.    The Gumi Yum Trade Dress is aesthetic and non-functional, and through consistent and continuous use, it has come to identify ZURU, and a substantial portion of the consuming public recognizes the trade dress and associates it with ZURU and its products.  The Gumi Yum Trade Dress has become an asset of substantial value and is strongly associated with a single product line and source.

## DEFENDANT COPIES AND INFRINGES ZURU'S INTELLECTUAL PROPERTY

18.    On information and belief, at least as early as May 19, 2026, Defendant began advertising and selling its infringing confectionary coated containers. These include Infringing Products exhibited at the Sweets n' Snacks Expo as well as the products Defendant sells online in bulk through Alibaba. ("Infringing Products").

19.    To an ordinary observer, the Infringing Products appear substantially and confusingly similar to claimed aspects of ZURU's patented design, and to ZURU's commercial product. *See* claim charts comparing the Infringing Products to the designs claimed in the D'402 Patent and the D'667 Patent attached as **Exhibit D**. By way of non-limiting examples:

*///*

*///*

*///*

4

| D'402 Patent | D'667 Patent | Infringing Products |
|---|---|---|
| | | |
| | | |

20. Ornamental similarities include:

a. The several gummy strips enclosing the non-edible egg-like container;

b. The rounded cap gummy pieces enclosing the top and bottom of the egg-like container;

c. The lateral gaps between the gummy strips enclosing the egg-like container; and

d. The vertical gap between the strips gummy strips enclosing the egg-like container.

21. Furthermore, for the same reasons it has infringed ZURU's design patents, Defendant has copied and used the Gumi Yum Trade Dress in connection with its advertising and promotion of the confusingly similar candy-coated container in interstate commerce with the

5

intention of misleading, deceiving, or confusing consumers as to the origin of the accused products while trading on ZURU's reputation and goodwill.

22.    The infringement by Defendant of the Gumi Yum Trade Dress is likely to cause confusion, deception, and mistake among ordinary consumers and potential consumers of the ZURU product.

23.    The sale of the infringing goods in bulk is likely to cause irreparable harm to ZURU by eroding the distinctiveness of the ZURU trade dress, cause price erosion as a result of the wholesale distribution of the infringing product at substantially lower prices, and cause consumer confusion as to the source, affiliation, or sponsorship of the infringing product.

24.    Defendant, through its conduct, is attempting to use ZURU's intellectual property and popularity to market and distribute replica products wholesale across the United States at lower prices to the detriment of ZURU and causing ZURU to lose the uniqueness of the Gumi Yum as well as the benefit of the exclusivity provided by the Patents-in-Suit; depriving ZURU of commercial opportunities.

25.    Defendant's conduct also threatens ZURU's status, standing, and reputation among the industry. If ZURU cannot credibly communicate to its stream of commerce that it is the originator and designer of innovative products that are protectible through the legal system, this effectively renders protection of its innovations worthless and opens the floodgates for other competitors to copy the Gumi Yum.

26.    As such, ZURU cannot be adequately compensated for Defendant's infringement by way of damages alone.

**COUNT I**
**DESIGN PATENT INFRINGEMENT (D'402 Patent)**

27.    ZURU repeats and realleges the allegations contained in paragraphs 1 through 26 of this complaint as if fully set forth herein.

28.    Defendant has infringed and continues to infringe the D'402 Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. §§ 271 and 289 by making, using, selling, importing and/or offering to sell Infringing Products.

29.     Defendant's infringement has injured ZURU and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty. On information and belief, Defendant has had knowledge of the Patents-in-Suit, and its infringement has been willful, as indicated by the distinct similarity in design and proximity to ZURU's stall at the Las Vegas trade show.

30.     Defendant's infringement has injured and will continue to injure ZURU, unless and until this Court enters an injunction which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the Patents-in-Suit.

**COUNT II**
**DESIGN PATENT INFRINGEMENT (D'667 Patent)**

31.     ZURU repeats and realleges the allegations contained in paragraphs 1 through 26 of this complaint as if fully set forth herein.

32.     Defendant has infringed and continues to infringe the D'667 Patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. §§ 271 and 289 by making, using, selling, importing and/or offering to sell infringing products.

33.     Defendant's infringement has injured ZURU and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty. On information and belief, Defendant has had knowledge of the Patents-in-Suit, and its infringement has been willful, as indicated by the distinct similarity in design and proximity to ZURU's stall at the Las Vegas trade show.

34.     Defendant's infringement has injured and will continue to injure ZURU, unless and until this Court enters an injunction which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the Patents-in-Suit.

///

///

///

7

**COUNT III**
**UTILITY PATENT INFRINGEMENT ('548 Patent)**

35.    ZURU repeats and realleges the allegations contained in paragraphs 1 through 26 of this complaint as if fully set forth herein.

36.    The '548 Patent generally relates to the combination of an edible material with a non-edible object, particularly where the non-edible object is a container and contains a toy. The invention incorporates a layer of gelatinous gummy on the surface of the container as an edible material. The asserted claims of the '548 Patent are generally directed to such a container with several, flexible gummy strips adhered to the outside and with gaps between them showing the non-edible container underneath.

37.    Defendant infringes the '548 Patent by making, selling, and/or offering for sale in the United States, and/or importing into the United States, Infringing Product that meet the elements of the asserted claims. By way of a non-limiting example, the Infringing Product practices the invention of Claim 1 because it is an article comprising a layer of gummy candy adhered, upon information and belief, by means of injection molding to the outside of a non-edible container wherein there are a plurality of individually removable sections separated by gaps and conforming to the shape of the non-edible container.   *See* a claim chart comparing the Infringing Products to the invention claimed in the '548 Patent attached as **Exhibit E**.

38.    Defendant has infringed at least Claims 1–4, 6–10, and 12–16 of the '548 Patent, under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the Infringing Product. Upon information and belief, Defendant's infringement is ongoing.

39.    Upon information and belief, Defendant's infringement of the '548 Patent is willful because it was done with knowledge of ZURU's patent while also knowing that its conduct was infringement.

40.    ZURU loses sales for each of the Infringing Products that is sold. But for the availability of the Infringing Products, a customer would purchase ZURU's own product. ZURU therefore seeks recovery of all profits associated with the sale of the Infringing Products.

41.    Alternatively, ZURU seeks to recover all of Defendant's profits on the Infringing Products under 35 U.S.C. § 289, or a reasonable royalty.

42.    ZURU seeks treble damages for willful infringement, as well as recover of its attorneys' fees.

**COUNT IV**
**FEDERAL TRADE DRESS INFRINGEMENT/UNFAIR COMPETITION**

43.    ZURU repeats and realleges the allegations contained in paragraphs 1 through 26 of this complaint as if fully set forth herein.

44.    Defendant's activities complained of herein constitute infringement of ZURU's trade dress and unfair competition in violation of 15 U.S.C. § 1125(a) to the injury and detriment of ZURU.

45.    As a direct and proximate result of Defendant's infringement, ZURU has suffered and will continue to suffer loss of income, profits, and good will, and defendant will continue to unfairly acquire income, profits, and good will.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ZURU requests a trial by jury on all issues presented that can properly be tried to a jury.

**PRAYER FOR RELIEF**

THEREFORE, ZURU asks this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An injunction preliminarily and permanently prohibiting further infringement of the Patents-in-Suit, including the recall of all Infringing Products from retailers;

B.    An injunction preliminarily and permanently prohibiting further infringement of ZURU's trade dress, including the recall of all Infringing Products from retailers;

C.    An award of damages adequate to compensate ZURU for the infringement that has occurred, together with prejudgment interest from the date infringement began;

D.    All other damages permitted by 35 U.S.C. § 284;

9

E.   Additional damages as expressly provided for in the case of a design patent under 35 U.S.C. § 289;

F.   Additional damages as expressly provided for in the case of Lanham Act violations under 15 U.S.C. §§ 1116-18, including a permanent injunction enjoining Defendant's act of trade dress infringement; recovery of Defendant's profits; any damages sustained by ZURU, the costs of the action; and the destruction of infringing articles.

G.   A finding that this case is exceptional and an award to ZURU of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

H.   An award of costs; and

I.   Such other and further relief as this Court or a jury may deem proper and just.

Dated this 10th day of August, 2026.

HUTCHISON & STEFFEN, PLLC


/s/Stewart C. Fitts
Stewart C. Fitts (5635)
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
T:  702-385-2500
F:  702-385-2086
sfitts@hutchlegal.com

Cortland Putbrese (Va. Bar. No. 46419)
(*pro hac vice* forthcoming)
Michael A. Shafer (Va. Bar. 94984)
(*pro hac vice* forthcoming)
Dunlap Bennett & Ludwig Law Firm
9011 Arboretum Parkway, Suite 390
Richmond, VA 23236
T:  (804) 977-2688
F:  (804) 977-2680
cputbrese@dbllawyers.com
mshafer@dbllawyers.com

*Attorneys for Plaintiff*
*ZURU Edge Limited*